UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AHAMAD R. ATKINS, | |
| Petitioner, | |
| v. | Civil No. 17-cv-144-JPG |
| UNITED STATES OF AMERICA, | Criminal No 14-cr-40061-JPG |
| Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ahamad R. Atkins' motion for the Court to recuse itself from this case pursuant to 28 U.S.C. §§ 455(b)(1) and 144 on the grounds that the Court is biased or prejudiced (Doc. 2).

On September 24, 2014, the petitioner pled guilty to one count of conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 846. At the time of the plea, the petitioner was represented by Eugene Howard. Before sentencing, Howard asked to withdraw as counsel, and the Court replaced him with Rodney H. Holmes. On May 18, 2015, after hearing testimony from a number of witnesses, the Court sentenced the petitioner to serve 216 months in prison, and judgment was entered May 28, 2015. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on March 18, 2016, dismissed the appeal because it was frivolous. *See United States v. Atkins*, 640 F. App'x 549 (7th Cir. 2016). Atkins did not file a petition for a writ of *certiorari* to the United States Supreme Court. He filed a motion under 28 U.S.C. § § 2255 on February 10, 2017.

Atkins asks the Court to recuse itself from this § 2255 proceeding on the grounds that the Court is biased against him. He supports this argument by pointing to statements the undersigned judge made from the bench during Atkins' initial appearance and arraignment and during his

sentencing that he claims demonstrate this bias.[1]

### A.    28 U.S.C. § 144

Under this provision, a judge must recuse himself "[w]henever a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "An affidavit is sufficient if it avers facts that, if true, would convince a reasonable person that bias exists." *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985), *overruled in part on other grounds by Fowler v. Butts*, 829 F.3d 788, 791 (7th Cir. 2016); *accord O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 989 (7th Cir. 2001). The facts in the affidavit must be stated with particularity and must be definite as to times, places, persons and circumstances. They cannot be mere conclusions, opinions, or rumors. *O'Regan*, 246 F.3d at 989; *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Balistrieri*, 779 F.2d at 1199. The affidavit also must show "that the bias is personal rather than judicial, and that it stems from an extrajudicial source – some source other than what the judge has learned through participation in the case." *Balistrieri*, 779 F.2d at 1199 (citations omitted); *accord Sykes*, 7 F.3d at 1339. All allegations in the affidavit must be taken as true, even if the Court knows them to be false. *Sykes*, 7 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199. Because the statute "is heavily weighed in favor of recusal," its requirements are to be strictly construed to prevent abuse. *Sykes*, 7 F.3d at 1339; *Balistrieri*, 779 F.2d at 1199.

Atkins has not submitted the required affidavit to support his request for recusal under § 144. Nor has he pointed to any extrajudicial source of personal, as opposed to judicial, bias.

---

[1] The statements alleged to have occurred on July 17, 2014, at Atkins' initial appearance and arraignment were made by Magistrate Judge Philip M. Frazier, who presided at the proceeding, not the undersigned judge, who was not at the hearing (Doc. 9).

Indeed the comments of the undersigned judge that Atkins finds objectionable came only from what the undersigned judge learned about Atkins from the proceedings in this case. Such comments cannot support recusal under § 144.

    B.    <u>28 U.S.C. 455(b)(1)</u>

Under this provision, a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). As with § 144, bias justifying recusal under this statute must arise from an extrajudicial source. *In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001). "[N]either judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal 'unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *United States v. White*, 582 F.3d 787, 807 (7th Cir. 2009) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Furthermore, 'expressions of impatience, dissatisfaction, annoyance, and even anger' do not justify requiring recusal." *White*, 582 F.3d at 807 (quoting *Liteky*, 510 U.S. at 555-56).

Again, none of the Court's statements cited by Atkins reflect bias that arose from an extrajudicial source. On the contrary, those statements stemmed from information contained in Atkins' presentence investigation report and evidence received at the sentencing hearing. There is no suggestion that the undersigned judge had any opinion about Atkins from anything other than what occurred in the court proceedings themselves. Additionally, the Court may have been short with Atkins, used a harsh tone of voice, or expressed a negative belief about Atkins' crimes and rehabilitative potential, but that does not rise to the type of deep-seated antagonism that would

3

justify recusal.  For these reasons, recusal under § 455(b)(1) is not warranted.

For the foregoing reasons, the Court **DENIES** Atkins' motion for recusal (Doc. 2).

**IT IS SO ORDERED.**
**DATED:   August 1, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
