UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHAMAD R. ATKINS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-144-JPG

Criminal No 14-cr-40061-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ahamad R. Atkins' motion to reconsider (Doc. 4) the Court's August 1, 2017, order (Doc. 3) denying Atkins' motion for the Court to recuse itself from this case pursuant to 28 U.S.C. §§ 455(b)(1) and 144 (Doc. 2). In that order, the Court declined to recuse itself from this case under either statute, finding that Atkins had failed to point to any extrajudicial source of personal, as opposed to judicial, bias that would justify recusal. Atkins' § 2255 motion remains pending in this case (Doc. 1).

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior

ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Atkins' motion presents no compelling reason to reexamine the Court's denial of his motion to recuse. It is true that the Court did not consider Atkins' affidavit when it originally denied his motion to recuse – it was docketed as an attachment to his § 2255 motion rather than to his motion to recuse – but that affidavit would not have altered the Court's ultimate conclusion. Even considering Atkins' affidavit and the pending motion for reconsideration, Atkins has not pointed to any extrajudicial source of personal bias of the Court that would justify recusal.[1]

Finally, Atkins complains that the Court is showing its bias because it has not yet required the Government to respond to his § 2255 motion, filed in February 2017. The Court is in the process of conducting its preliminary review of the 98-page motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and will order the Government to respond, if at all, after that review.

For the foregoing reasons, the Court **DENIES** Atkins' motion for reconsideration (Doc. 4). The Court further **DIRECTS** the Clerk of Court, pursuant to Atkins' request, to docket Atkins' motion for reconsideration as a notice of appeal of the Court's August 1, 2017, order (Doc. 3). The filing date of the notice should be the filing date of the motion for reconsideration.

**IT IS SO ORDERED.**
**DATED:  August 24, 2017**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**

---

[1] Atkins also asks for the recusal of Magistrate Judge Philip M. Frazier, who presided over Atkins' initial appearance. Time has taken care of that for Atkins; Magistrate Judge Frazier is now retired and no longer sits on the federal bench.