UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHAMAD R. ATKINS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-144-JPG

Criminal No 14-cr-40061-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ahamad R. Atkins' second motion for the Court to recuse itself from this case, this time pursuant to 28 U.S.C. § 455(a) or, in the alternative, to certify this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 18). Atkins also has filed a motion for a ruling on the motion for recusal or to certify an interlocutory appeal (Doc. 19).

On September 24, 2014, Atkins pled guilty to one count of conspiracy to distribute crack cocaine and heroin in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 846. At the time of the plea, the petitioner was represented by Eugene Howard. Before sentencing, Howard asked to withdraw as counsel, and the Court replaced him with Rodney H. Holmes. On May 18, 2015, after hearing testimony from a number of witnesses, the Court sentenced the petitioner to serve 216 months in prison, and judgment was entered May 28, 2015. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which on March 18, 2016, dismissed the appeal as frivolous. *See United States v. Atkins*, 640 F. App'x 549 (7th Cir. 2016). Atkins did not file a petition for a writ of *certiorari* to the United States Supreme Court. He filed a motion under 28 U.S.C. § 2255 on February 10, 2017.

Atkins now asks the Court to recuse itself from this § 2255 proceeding under 28 U.S.C.

§ 455(a) on the grounds that there is an appearance of impropriety and the Court's impartiality might reasonably be questioned. He asserts that the Court (1) was made aware of illegal conduct by the officers investigating Atkins and did nothing to correct the illegal conduct; (2) made a finding that Atkins made certain drug sales based in part on evidence Atkins believes did not support the finding; (3) and found relevant conduct amounts from a period of drug activity that exceeded the period of the criminal investigation. He claims these findings during the disposition hearing, along with other statements during the hearing, created the appearance of impropriety by the undersigned judge.

    A.    <u>Recusal Under 28 U.S.C. § 455(a)</u>

Section 455(a) states, "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard set forth by this provision is objective and "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *In re Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998) (quoting *Hook v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996)). The decision to recuse turns not on the judge's actual partiality but on the appearance of partiality. *In re Hatcher*, 150 F.3d at 637 (citing *Liteky v. United States*, 510 U.S. 540, 548 (1994)). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). "Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted); *accord Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The risk of perceived partiality must be

2

"substantially out of the ordinary" before recusal is justified. *Hook*, 89 F.3d at 354 (citing *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Each occasion to consider recusal must be evaluated on its own facts and circumstances. *Nichols*, 71 F.3d at 351. Doubts about whether recusal is required, however, should be resolved in favor of recusal. *New York City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986); *Nichols*, 71 F.3d at 352.

Nevertheless, a judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *Hart*, 796 F.2d at 980-81; *Nichols*, 71 F.3d at 351. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols*, 71 F.3d at 351 (internal quotations omitted). The Court is also mindful that the statute is not a judge-shopping device. *Id.*; *Hook*, 89 F.3d at 354.

Atkins has not described any basis for a reasonable, well-informed, thoughtful observer to question the undersigned judge's impartiality. The factual basis for Atkins' request for recusal is found in the public file and is nothing out of the ordinary for a criminal case. Instead, his assertions merely amount to a disagreement with the Court about its interpretation and weighing of the evidence and the legal rulings to which the evidence led. Nothing Atkins describes creates an appearance of impropriety or of a significant risk the Court would decide this case on a basis other than the merits. The Court will therefore deny Atkins' motion for recusal under § 455(a).

B. Certification for Interlocutory Appeal Under 28 U.S.C. § 1292(b)

The Court of Appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

3

materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). The party seeking an interlocutory appeal bears the burden of demonstrating that "'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)).

As for the first statutory criterion, a "question of law" within the meaning of § 1292(b) "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine. . . ." *Ahrenholz,* 219 F.3d at 676. The Court of Appeals explained,

> We think [Congress] used "question of law" in much the same way a lay person might, as referring to a "pure" question of law rather than merely to an issue that might be free from a factual contest. The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case.

*Id.* at 676-77. The Court of Appeals concluded that, in the § 1292(b) context, "'question of law' means an abstract legal issue. . . ." *Id.* at 677.

Atkins has not pointed to any pure question of law or abstract legal issue he seeks to appeal before final judgment. Instead, the issue he seeks to appeal involves the application of settled recusal law to the facts of this case, specifically, evidence Atkins claims creates an appearance of partiality. Nor has Atkins convinced the Court that resolution of the recusal question—which is not reasonably contestable for the reasons the Court has offered for declining to recuse itself—will

4

control the outcome of the case or materially speed up this litigation. Because Atkins has pointed to no question for appeal that satisfies the requirement of § 1292(b), the Court will decline to certify an interlocutory appeal.[1]

For the foregoing reasons, the Court **DENIES** Atkins' motion for recusal pursuant to 28 U.S.C. § 455(a) or, in the alternative, to certify this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 18). This ruling renders Atkins' motion for a ruling on the motion for recusal **MOOT** (Doc. 19).

**IT IS SO ORDERED.**
**DATED: April 16, 2018**

                                                          s/ J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **DISTRICT JUDGE**

---

[1] Atkins further suggests the recusal issue cannot be presented on direct appeal because the Court of Appeals for the Seventh Circuit does not entertain arguments based on § 455(a) on direct appeal. While the Court is puzzled how the refusal to hear an issue on direct appeal could ever weigh in favor of allowing a direct, interlocutory appeal, Atkins is wrong about his fundamental assumption. It is true that at one point the Court of Appeals required § 455(a) recusal requests to be brought in a petition for a writ of mandamus rather than on direct review. *See United States v. Balistrieri*, 779 F.2d 1191, 1204-05 (7th Cir. 1985). This was because where there is only an appearance of partiality, not a real bias, "the injury is to the judicial system as a whole and not to the substantial rights of the parties," who presumably received a fair decision despite appearances. *Id.* at 1204. However, the Court of Appeals has since rejected that position and will hear arguments for recusal under § 455(a) on direct appeal. *Fowler v. Butts*, 829 F.3d 788, 791 (7th Cir. 2016).