UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AHAMAD R. ATKINS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 17-cv-144-JPG

Criminal No 14-cr-40061-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Ahamad R. Atkins' motion to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 55). In this case, Atkins asked to Court to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court disposed of several of Atkins' proposed grounds for that relief in its preliminary review of the motion (Doc. 21) and disposed of the remaining proposed grounds in a later order (Doc. 51). On May 21, 2019, the Court entered judgment denying Atkins' § 2255 motion in its entirety and entering judgment in the Government's favor (Doc. 54). Atkins now asks the Court to alter or amend that judgment (Doc. 55).

The Court construes Atkins' June 3, 2019, under Rule 59(e) because it was filed within 28 days of entry of judgment and seeks relief available under that rule. Where a substantive motion for reconsideration is filed within 28 days of entry of judgment and asserts a ground for relief under Rule 59(e), the Court will construe it as a motion pursuant to Rule 59(e); motions asserting grounds for relief under Rule 60(b) or later motions will be construed as pursuant to Rule 60(b). *See Carter v. City of Alton*, 922 F.3d 824, 826 n. 1 (7th Cir. 2019) (Rule 59(e) governs motions to reconsider filed within 28 days of entry of judgment); *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (motions filed within Rule 59(e) period construed based on

their substance, not their timing or label); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994) (considering prior version of Fed. R. Civ. P. 59(e) providing ten-day deadline for motion to alter or amend judgment).

The Court first addresses its jurisdiction to decide the pending Rule 59(e) motion in light of Atkins' timely notice of appeal (Doc. 56) of the judgment that he now asks the Court to reconsider. Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). However, where a party files a timely notice of appeal *and* a timely Rule 59(e) motion, the notice becomes effective only after the order disposing of the Rule 59(e) motion. Fed. R. App. P. 4(a)(4)(B)(i); *see Katerinos v. U.S. Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). As a consequence, the Court has jurisdiction to decide this motion despite Atkins' timely notice of appeal.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015) (internal quotations and citations omitted). Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. Rule 59(e) relief is only available if the movant

clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

In his Rule 59(e) motion, Atkins does not present any evidence or argument warranting reconsideration of the judgment in this case. He makes a general plea for the Court to reconsider its rulings on all his alleged instances of ineffective assistance of counsel and asks for leave to submit additional exhibits for the Court's consideration. He does not assert that any of the additional evidence he wants to submit is newly discovered.

Specifically, Atkins wants to submit an additional document in connection with his ineffective assistance of counsel argument relating to sentencing counsel's performance in making objections to the presentence investigation report. Presumably, he possessed this document since around the time of his sentencing proceedings when he was exchanging letters and documents with his sentencing counsel, so it is not newly discovered. However, he did not submit the document with his Rule 59(e) motion, and he has not offered any reason he was not able to submit this document earlier in the case.

Atkins also wants to submit other unidentified documents he failed to submit with his § 2255 motion in February 2017. He claims the staff at the Gilmer Federal Correctional Institution ("FCI-Gilmer") refused to make the necessary copies for him and that, as a consequence, the Court rejected some of his arguments in its June 25, 2018, preliminary review order (Doc. 21). The Court is not persuaded by this argument for why Atkins did not submit those documents with his § 2255 motion. Atkins was not housed at FCI-Gilmer when he filed his § 2255 motion (*see* Doc. 1 at 99); instead, he was housed at that time at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), so FCI-Gilmer staff could not have

impaired his ability to submit those documents. He was not transferred to FCI-Gilmer until October 2018 (Doc. 26), months after the Court completed its preliminary review of his § 2255 motion. Furthermore, in the absence of any indication of the substance of the documents, the Court finds no basis to believe they might justify reconsideration of the judgment.

In sum, Atkins has not pointed to any newly discovered material evidence or any intervening change in the controlling law that would justify altering or amending the judgment. Additionally, he has said nothing to convince the Court that it made any manifest errors of law or fact that should be corrected to avoid an unnecessary appeal. In the 74 pages comprising the two orders leading to judgment, the Court exhaustively addressed the numerous grounds for relief asserted in Atkins' 98-page § 2255 motion, and there is no need for further examination of the issues. For these reasons, the Court **DENIES** Atkins' motion to alter or amend the judgment (Doc. 55).

The Court **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for its use in connection with Appeal No. 19-2062. The Court further **DIRECTS** the Clerk of Court to change Atkins' address on the docket sheet to reflect his transfer to FCI-Bennettsville, Federal Correctional Institution, P.O. Box 52020, Bennettsville, SC 29512, and to send him a copy of this order at that new address.

**IT IS SO ORDERED.**
**DATED:   July 15, 2019**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**